No. 2202.—P. DUFORT. *v.* L. ABADIE.

Injuries done to one's feelings by slanderous words used toward him by another in public, such as "thief and rascal," furnish legitimate ground for an action in damages, and the amount of damages will be measured by the aggravated character of the language used. 17 An. 64; 19 An. 322.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Sambola & Ducros,* for plaintiff and appellee. *E. Cambray,* for defendant and appellant.

HOWELL, J. The plaintiff claims $5000 damages for slanderous words uttered by the defendant, and the court *a qua* having allowed $500, the defendant appealed.

His counsel avows that the object of the appeal is to obtain a reduction of the damages assessed, as excessive, and relies on the case of Miller *v.* Roy, 10 An. 231, to support his demand. In that case, $5000 were claimed for having been called a thief, etc., as in this case; $300 were allowed, and on appeal the judgment was affirmed. The court said: "There is evidence tending to show that the plaintiff's good repute suffered in some degree from the charges brought against him in such intemperate language by the defendant, and it is not pretended that the charges had any foundation in truth;" while in this case, counsel contends there is no evidence tending to show that the plaintiff's good repute suffered in any degree. As said in the case quoted: "Injuries to the feelings and to one's social standing are not susceptible of a precise admeasurement. Still, in a very limited class of cases, such injuries are recognized as a legitimate ground of action." We think the evidence in the record shows this to be one of that limited class of cases, and that the damages awarded by the district judge are not excessive. The defendant was emphatic in denouncing plaintiff, in his presence and before a crowd, as a "thief and rascal," and several times repeated the epithets, notwithstanding the remonstrance of plaintiff and a friend, and it is shown that the charges were the subject of frequent comment among plaintiff's acquaintances as calculated to have an injurious effect on his standing. The circumstances bring the case within the ruling in those of Bonnin *v.* Elliott, 19 An. 322, and Mohrman *v.* Ohse, 17 An. 64.

Judgment affirmed.